IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PIERRE HODGINS, | ) | |
| | ) | Case No. 1:02-CV-01454 |
| Plaintiff, | ) | |
| | ) | Judge Ann Aldrich |
| v. | ) | |
| | ) | Magistrate Judge Nancy A. Vecchiarelli |
| CARLISLE ENGINEERED PRODUCTS, INC., | ) | |
| et al., | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |
| | ) | |

Before the court is the Report and Recommendation ("R&R") of Magistrate Judge Nancy A. Vecchiarelli [Docket No. 102] that plaintiff Pierre Hodgins's ("Hodgins") motion for partial summary judgment [Docket No. 85] be denied. Hodgins and defendants Carlisle Engineered Products, Inc. ("CEP") and Carlisle Corporation ("CC") have filed objections to the R&R. For the following reasons, the court adopts the R&R with one modification, and grants in part, and denies in part, Hodgins' motion for partial summary judgment.

**Background**

The facts at issue for this motion are not in dispute, and the court adopts Magistrate Judge Vecchiarelli's findings of fact in the R&R. Briefly, the alleged environmental violations in this case involve a facility in Middlefield, Ohio (the "Middlefield facility") that manufactures rubber products for the automotive industry that is owned and operated by CEP, a wholly owned subsidiary of CC. Approximately 11,000 gallons of waste, some of which was hazardous, were generated at the Middlefield facility from its opening until 1980. That waste was stored in drums at the Middlefield facility until at least 1986, then removed in 1987. CEP never obtained a permit to store waste at the facility and disposed of waste generated there after 1980 through a different method.

In 1983, the Ohio Environmental Protection Agency ("OEPA") inspected the Middlefield facility and noted the presence of storage drums containing hazardous waste. CEP resolved the issue, to OEPA's apparent satisfaction. In 1994, OEPA again inspected the Middlefield facility and directed CEP to undertake a "generator closure" of areas where CEP had previously stored the drums containing hazardous and non-hazardous waste. CEP agreed to close those areas, and OEPA continues to oversee the process. The United States Environmental Protection Agency ("USEPA") also investigated the Middlefield facility in 1994, and both USEPA and OEPA have kept an eye on the facility since then. Neither USEPA nor OEPA have directed CEP to abide by regulations applicable to treatment, storage and disposal ("TSD") facilities.

CEP also undertook an internal investigation following the USEPA and OEPA investigations and found two separate areas of groundwater contamination: one related to the Middlefield facility, and one to the south of the Middlefield facility affecting Hodgins' property. OEPA determined that CEP was not a source for the contamination affecting Hodgins' property. In 1999, the United States Department of Health and Human Services, along with the Ohio Department of Health, concluded that the Middlefield facility posed no public health hazard to area residents with respect to the use of private wells, as none of the residents in the affected area were using private wells.

Hodgins moved for summary judgment on his claim under the Resource Conservation and Recovery Act ("RCRA") citizen suit provision, 42 U.S.C. § 6972(a)(1)(A) and the Ohio citizen suit provision, OHIO REV. CODE §3734.101. Magistrate Judge Vecchiarelli found that genuine issues of material fact remain as to whether CEP's past storage of hazardous waste and failure to abide by TSD regulations is currently causing environmental harm, that CEP and CC's failure to obtain a TSD permit and abide by other TSD regulations do constitute an ongoing procedural violation of the TSD program

and RCRA, but that Hodgins is not entitled to injunctive relief for that ongoing procedural violation, so Hodgins' motion for summary judgment should be denied.

## Discussion

Federal Rule of Civil Procedure 72(b) requires the court to review *de novo* any portion of a magistrate judge's disposition to which specific objections have been made. Local Rule 72.3(b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district court "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*.

The parties have objected to two of Magistrate Judge Vecchiarelli's conclusions in the R&R. CEP and CC object to her conclusion that, as a matter of law, the failure to abide by TSD regulations as a result of the storage of hazardous waste in drums at the Middlefield facility for over six years constitutes a continuing violation of RCRA. Hodgins objects to her conclusion that, in spite of this violation, an injunction ordering CEP and CC to comply with applicable TSD regulations should not issue because no waste has been stored at the Middlefield facility for over fifteen years.

Regarding CEP and CC's objection to the R&R, it is undisputed that CEP did not obtain a TSD permit for the Middlefield facility, has not made any effort to obtain such a permit, and will not take steps to obtain such a permit in the future. It is also undisputed that CEP stored hazardous wastes at the Middlefield facility for over six years without a permit, after obtaining a permit for the storage of hazardous wastes was required by law. Specifically, CEP has failed to meet the reporting requirements under Ohio TSD regulations triggered by the storage of waste at the Middlefield facility for more than

ninety days. *See, e.g.,* OHIO ADMIN. CODE §§ 3745-54-101, 3745-54-73 through 3745-54-77, 3745-65-73 through 3745-65-77. Those obligations to retain records and file reports do not expire or become "wholly past" even if waste is no longer stored at the facility, so a failure to comply with those continuing legal obligations constitutes a present violation of RCRA. *Sierra Club v. Simkins Indus., Inc.*, 847 F.2d 1109, 1115 (4th Cir. 1988). Therefore, CEP and CC's objection to the R&R's finding of a violation of RCRA is denied. The court adopts the R&R's finding of a violation of RCRA and must therefore modify the R&R's recommendation and grant in part Hodgins' motion for summary judgment because of that finding. Hodgins is entitled to judgment as a matter of law on Count Eight that a violation is still occurring, even if injunctive relief may be inappropriate.

Regarding Hodgins' objection to the R&R, Hodgins appears to argue that once a violation of a statute designed to protect the environment is established, an injunction must issue. However, because the purpose of RCRA is "to reduce the generation of hazardous waste and to ensure the proper treatment, storage, and disposal of that waste which is nonetheless generated, 'so as to minimize the present and future threat to human health and the environment,'" the court must examine Hodgins' request for an injunction in that context. *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996) (quoting 42 U.S.C. § 6902(b)). An injunction "'is not a remedy which issues as of course.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) (quoting *Harrisonville v. W.S. Dickey Clay Mfg. Co.*, 289 U.S. 334, 337-38 (1933)). More specifically, "[t]he grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." *Id.* at 313 (citing *TVA v. Hill*, 437 U.S. 153, 193 (1978); *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).

For the purposes of this case, the Supreme Court's decision in *Amoco Production Company v. Village of Gambell, Alaska* is instructive. 480 U.S. 531 (1987). In that case, the Supreme Court reversed an order of the Ninth Circuit directing that an injunction be issued, because "the Ninth Circuit erroneously focused on the statutory procedure rather than on the underlying substantive policy the process was designed to effect." *Id.* at 544. RCRA does not require the court to presume irreparable injury in the case of any violation, and the court must perform the normal balancing of equities in any decision regarding injunctive relief. In this case, because no waste has been stored at the Middlefield facility for over fifteen years, the harm claimed by Hodgins is minimal at best and the purposes of RCRA would not be served by injunctive relief. For that reason, the court rejects Hodgins' objection to the R&R and accepts the recommendation that no injunction issue.

**Conclusion**

For the foregoing reasons, the court denies both CEP and CC's objection to the R&R [Docket No. 104] and Hodgins' objection to the R&R [Docket No. 105] and adopts the R&R with one modification. Hodgins' motion for partial summary judgment [Docket No. 85] is granted in part and denied in part. The court accepts the R&R's finding that CEP and CC have violated RCRA and must therefore grant Hodgins judgment as a matter of law on Count Eight of the amended complaint, but also accepts the R&R's recommendation that no injunctive relief should issue at this time. The court also notes Hodgins' request for civil penalties to be determined after a trial on the merits and will reserve judgment on that issue at this time.

IT IS SO ORDERED.

/s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 20, 2006**