

EXHIBIT G

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

HODGINS,

    Plaintiff,

v.

CARLISLE ENGINEERED PRODUCTS, INC., et al.,

    Defendants.

CASE NO. 1:02CV1454

Judge Ann Aldrich

## DECLARATION OF PETER THORNE

1. I, Dr. Peter Thorne, am a toxicologist offering testimony in this case.

2. I am a resident of the State of Iowa and am competent to testify in a court of law. I have personal knowledge of the information set forth below.

3. The opinions and conclusions presented herein are expressed to a reasonable degree of scientific certainty.

4. In forming my opinion regarding the hazardous characteristics of toxicants involved in this case, I followed the standard toxicological methodology for creating a toxicological profile for the toxicants at the site. This methodology is distinct and separate from the methodology used for an exposure assessment or the methodology used for a risk assessment. Toxicological profiles are a necessary component for hazard identification and risk characterization. While preparation of a toxicological profile can be performed by a toxicologist alone, it

is well recognized that risk assessment requires a team of individuals providing expertise in toxicology, evaluation of fate and transport of toxicants, and exposure assessment.

5. The development of a toxicological profile involves the compilation and evaluation of data on the toxicologic properties and potential adverse health outcomes associated with a particular toxicant or set of toxicants. Since a single toxicant can produce a spectrum of health effects, the full range of adverse effects must be described. As I wrote in the sixth and seventh editions of *Toxicology: The Basic Science of Poisons* (Chapter 33), which I co-authored, "There is no one single dose-effect relationship but a distribution of responses." Thus, different individuals may be more or less susceptible to the toxic effects of a chemical and may respond differently to exposure.

6. The methodology that I employed in forming my opinion has been published and subjected to peer review. For example, the Agency for Toxic Substances and Disease Registry, a component of the Centers for Disease Control and Prevention, has produced toxicological profiles for 289 chemical compounds using the same methodological steps.

7. Additionally, this methodology is generally-accepted in the scientific community and has been standard practice in the field of toxicology for over 25 years.

8. Additionally, the toxicological profile methodology was not created for the purposes of this litigation.

9. I understand that Defendants' argue that my opinion should be excluded because I did not do a risk assessment or an exposure assessment. The methodologies for a

risk assessment or an exposure assessment are not proper here because this case does not involve linkage of human exposure to a toxicant to bodily injury.

10. The toxicological profile methodology that I used for this case is properly suited to this case and indicates that most of the chemicals used at Carlisle Engineered Products are toxic and some are known to cause cancer. Because of this, the Court should evaluate all points of disposal, as identified by Dr. Bell, and the migration pathways, as identified by Dr. Bell and Dr. Rice.

11. The information contained in my report about the hazards associated with the toxicants at the Carlisle site has been the subject of thorough laboratory testing, analysis, and is based on peer-reviewed published information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 28th day of March, 2007

_____
Peter S. Thorne, Ph.D.